THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v. WILLIAM KEENAN, Appellant.

(County Court, Erie County, May, 1913.)

Conservation Law, § 31 — as amended — justice of the peace — jurisdiction.

> Section 31 of chapter 444 of the Laws of 1912, amending the Conservation Law, was intended to continue the jurisdiction formerly vested in Courts of Special Sessions under section 24 of the Forest, Fish and Game Law, and authorizes a justice of the peace to try one accused of committing a crime covered by said law committed anywhere within the county where the magistrate resides.

APPEAL from a judgment of conviction rendered by a justice of the peace.

Duane B. Tuttle, for appellant.

Clifford McLaughlin, for people.

Alfred L. Harrison, for Conservation Commission.

TAYLOR, J.   This appellant was convicted by a justice of the peace of the village of Kenmore, Erie county, N. Y., of having violated section 254 of the Conservation Law of the state of New York in that he caught blue pike by means of a set line in the waters of Lake Erie at the head of the Niagara river, off the city of Buffalo.   The appellant advances two reasons why this conviction should not stand.   The first is that the justice of the peace had no jurisdiction over the person of the defendant or of the subject-matter, because the crime was not committed within the village of Kenmore; sec-

ond, that there is nothing in said section 254 of the Conservation Law prohibiting the use of set lines to catch blue pike.

I have examined the Conservation Law as revised to date and have traced all the sections involved back through the Forest, Fish and Game Law. Section 31 of chapter 444 of the Laws of 1912, which is a chapter amending the Conservation Law, covers the matter of jurisdiction in criminal cases. It states that " Courts of special sessions　*　*　*　shall have in the first instance jurisdiction of offenses committed under this chapter within their respective counties." This section is derived from section 24 of the Forest, Fish and Game Law, which reads in part as follows: " Courts of special sessions in towns and villages　*　*　* shall in the first instance have exclusive jurisdiction of offenses committed under this chapter, and the jurisdiction of said courts shall extend to all such offenses committed in the county where the court sits." It is clear to me that said section 31 was intended to continue the jurisdiction formerly vested in Courts of Special Sessions under said section 24; and there can be little question that that section authorized a justice of the peace to try an offender accused of committing a crime covered by said law committed anywhere within the county where the magistrate resided.

However, the second point raised by appellant's counsel seems to have more merit. Section 254 of the Conservation Law, which the appellant is accused of violating, says in part that " Set lines may be used except in water inhabited by trout, to take white fish, bullheads, catfish, eels, perch, sunfish, carp, mullet and dogfish, provided a permit for so doing shall first be obtained from the commission." It is true that this sentence as it reads would seem to mean by implication that set lines may be used to take the fish mentioned,

but not to take any other kind of fish. However, it is a well settled rule in the state of New York that penal statutes are to be construed strictly in favor of accused persons; that no act or omission is a crime unless specifically so declared by statute; and that before an act can be held criminal it must be particularly stated so to be by legislative act, and be prohibited as such in express terms and not by implication. Therefore, while a reading of this section and of the rules of the conservation commission might give one the impression that the catching of blue pike by set lines was not looked on with favor, I find nothing in the section which warrants a conviction of a misdemeanor for catching blue pike with a set line.

Therefore, the judgment of the court below must be and is reversed, and the fine imposed is ordered remitted.

Judgment of conviction reversed and fine remitted.